UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STOCK YARD BANK AND TRUST COMPANY,                                Plaintiff

v.                                                                                    Case No. 3:16-cv-713-JHM-CHL

ROBERT BARLEY                                                                                    Defendant

Memorandum Opinion and Order

On November 21, 2016, Robert Barley moved for an additional fourteen days to answer the complaint. DN 5. Stock Yards Bank and Trust Company ("Stock Yards") filed a response indicating that it did not object, but noted that "Stock Yards did not want to agree to additional time that Mr. Barley could use to seek to dissolve the existing status quo order before he responded to the averments of the Complaint." DN 6.

On December 5, 2016, Barley moved for an additional two months to file an answer. DN 7. Stock Yards opposed the second request. DN 8. Barley replied. DN 10.

Rule 6(b)(1) says:

> **(b) Extending Time.**
>     *(1) In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>             (a) with or without motion if the court acts, or if a request is made, before the original time or its extension expires; or
>             (b) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6.

Barley argues that he has shown good cause for the extension because the parties have agreed to medicate their claims with the Equal Employment Opportunity Commission on January 17, 2017. DNs 7 & 10. Barley says that the EEOC claims and the claims in this action

1

will be part of the mediation, and if the mediation is successful, no responsive pleading will be needed.  DNs 7 & 10.

Stock Yards argues that Barley has not shown good cause for the extension because this is the first notice Stock Yards has had that Barley intends to mediate the claims in this action at the EEOC mediation.  DN 8 at 3.  Stock Yards argues that "The EEOC mediation does not have any direct effect on this action and the enforcement of Stock Yards' rights.  There is no benefit to more delay on Mr. Barley's obligation of response."  *Id.* at 4.

Stock Yards goes on to argue that an extension until January 30, 2017 will prejudice its interests.  *Id.*  It filed the complaint in October, and the Court granted a Temporary Restraining Order.  *Id.*  With Barley's removal and two requests for extensions, he has still not responded to the allegations in the complaint.  *Id.* at 4 – 5.  With this delay, Stock Yards has been unable to address whether its relationships with customers have been damaged.  *Id.* at 5.

Barley replies that an extension will not prejudice Stock Yards.  Although he mentions Stock Yards's concern that he may move to dissolve the temporary restraining order before filing an answer, he says he "has made his intentions clear – his goal is to mediate all claims at this time and will assess his next steps if the mediation is unsuccessful."  DN 10 at 2.

The Court finds that Barley has shown good cause for the requested extension.  Even if the EEOC mediation does not resolve the claims in this action, the process of mediation still has value.  The Court also finds that the requested extension will not prejudice Stock Yards, which has filed a motion to remand.  *See* DN 9.  If the mediation is unsuccessful at resolving the claims in this action, Barley's answer will be due on or before January 30, 2017.

Accordingly, the Court **GRANTS** the second motion for extension of time (DN 7). Barley's answer is due on or before January 30, 2017. The Court **DENIES** the first motion for extension of time (DN 5) as moot.

cc: Counsel of record
1.7